IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SSAB ALABAMA, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:26-cv-1-TFM-MU |
| | ) | |
| LSB CONTRACTING, LLC, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 7, 2026, the Court entered a show cause order for Defendant The Gray Insurance Company ("Gray") to file a brief explaining how removal was timely. Gray timely filed a response to the show cause order. Doc. 10. Following the Court's show cause order, the other Defendant, LSB Contracting, LLC ("LSB") filed a Motion to Sever and Remand. Doc. 11. After review of Gray's response to the show cause order and the other pleadings, the Court finds it lacks jurisdiction and the case is *sua sponte* **REMANDED** back to the Circuit Court of Mobile County and LSB's motion to sever and remand (Doc. 11) is **DENIED as moot**.

**I.    BACKGROUND**

This matter was originally filed in the Circuit Court of Mobile County, Alabama on October 23, 2018, listing only LSB as a Defendant. Doc. 1. On December 3, 2025, Plaintiff filed an amended complaint which added Gray as a Defendant. *See id.* On January 2, 2026, Gray removed the case to this Court. *Id.* On January 7, 2026, this Court entered a show cause order for Gray to establish that removal was timely based upon the one-year limitation in 28 U.S.C. § 1446(c). Doc. 7. Gray filed a response to the show cause order arguing that removal was timely because the state court action against it was not commenced until December 3, 2025, even though

the action had been pending against the other Defendant since 2018.  Doc. 10.  Gray further argues that Plaintiff is estopped from raising the one-year limitation because Gray was misjoined to the original action.  *See id.*

## II.    DISCUSSION AND ANALYSIS

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The removing party has the burden of establishing federal jurisdiction.  *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal.  Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  However, there are also questions of timing pursuant to 28 U.S.C. § 1446 which states as follows:

(b) Requirements; Generally.—

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)

(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(2) ***Except as provided in subsection (c),*** if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; Removal Based on Diversity of Citizenship.—

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(b)-(c)(1) (emphasis added in (b)(2))

As noted above, the removal statute provides that a case may not be removed "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."   28 U.S.C. §

1446(c)(1).  Put plainly, based upon the requirements of subsection (b) and the limitation provided in subsection (c)(1), first, the defendant must file its notice of removal within 30 days after it receives a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the lawsuit is removable, and second, the defendant must file its notice of removal no more than one year after commencement of the action. *See id*.

While the Court recognizes that Gray is a newly added defendant, this action has been pending since 2018.  Therefore, Defendant must show that "commencement of the action" has not been more than a year.  *Compare Sasser v. Ford Motor Co.*, 126 F. Supp.2d 1333 (M.D. Ala. 2001) *with Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prods., Inc.*, 234 F. Supp. 3d 1165 (N.D. Ala. 2017); *see also Whitney Nat'l Bank v. Lakewood Investors*, Civ. Act. No. 11-179-WS (S.D. Ala. July 28, 2011).

It has been well over a year since the commencement of this action as it began on October 23, 2018.  Gray has not alleged that Plaintiff acted in bad faith to prevent removal to this Court. Rather, Gray only alleges that the Court should consider the action "commenced" when the amended complaint adding Gray as a Defendant was filed, or that Plaintiff should be estopped from enforcing the one-year limitation because Gray was misjoined.  Gray does not allege fraudulent joinder.

The statutory language is clear—a case may not be removed more than one year after the commencement of the action.  Regardless of when Gray was added as a defendant, the action was commenced on October 23, 2018—approximately seven and a half years ago.  The only time in which a case may be removed after the one-year limitation is if the district court finds the plaintiff acted in bad faith in preventing removal.  No such bad faith is alleged here.  Thus, removal was untimely, and the Court therefore lacks jurisdiction. The Court makes no findings as to any alleged

misjoinder, as it lacks the jurisdiction to consider those arguments and any misjoinder arguments may be raised in the state court.

### III.   CONCLUSION

Accordingly, based on the foregoing analysis this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama.  LSB's motion to sever and remand is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 13th day of May, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE